# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BLUEFIELD

**JOSE ANGEL BELTRAN-MORENO,**

    **Petitioner,**

v.                                                  **Case No. 1:15-cv-12595**

**BART MASTERS, Warden,**
**FCI McDowell,**

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1). The petitioner paid the applicable $5.00 filing fee. This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** the petitioner's section 2241 petition (ECF No. 1) and **DISMISS** this matter from the docket of the court.

## BACKGROUND AND PETITIONER'S CLAIMS

### A. The petitioner's conviction and direct appeal.

On March 8, 2007, the petitioner pled guilty in the United States District Court for the District of Arizona to six counts related to his role in a drug conspiracy, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and 18 U.S.C. § 2, as well as two counts of possession of a

firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). *United States v. Beltran-Moreno*, Case No. 05-cr-00546-003 (D. Ariz. Mar. 8, 2007). According to the record of the petitioner's criminal proceedings and the instant petition, two prior attempts by the petitioner to enter a guilty plea were withdrawn or rejected. On July 26, 2007, the petitioner was sentenced to an aggregate term of 420 months of imprisonment, to be followed by a five-year term of supervised release. *Id.*, Judgment, ECF No. 392.

The petitioner's convictions and sentence were affirmed by the United States Court of Appeals for the Ninth Circuit on February 10, 2009. *United States v. Beltran-Moreno*, 556 F.3d 913 (9th Cir. 2009), *amended by* Order entered on March 10, 2009. The petitioner did not file a petition for a writ of certiorari in the United States Supreme Court. Thus, his judgment became final on or about June 10, 2009.

### B.    The petitioner's section 2255 motion.

On January 28, 2010, the petitioner filed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 in the United States District Court for District of Arizona. *Beltran-Moreno v. United States*, No. 10-cv-00205, ECF No. 1 (D. Az. Jan. 28, 2010). He subsequently filed an Amended Motion on February 22, 2010. *Id.*, ECF No. 5. As grounds for relief in the Amended Motion, the petitioner alleged various claims of ineffective assistance of counsel and violations of due process in both the district court proceedings and on appeal. *Id.* On August 5, 2011, the Arizona District Court denied the petitioner's section 2255 motion. *United States v. Beltran-Moreno*, Nos. 05-cr-00546; 10-cv-205, 2011 WL 6780792 (D. Az. Dec. 12, 2011); *vacated and superseded by United States v. Beltran-Moreno,* 2012 WL 160173 (D. Az. Jan. 19, 2012). The Ninth Circuit thereafter

denied a certificate of appealability on June 20, 2012. *United States v. Beltran-Moreno*, No. 12-15173 (9th Cir. June 20, 2012).

### C. The petitioner's present section 2241 petition.

On August 21, 2015, the petitioner filed the instant section 2241 petition (ECF No. 1), asserting multiple claims of ineffective assistance of counsel related to his guilty plea process and his counsel's advice concerning his sentencing exposure; claims which either were raised, or should have been raised, in his prior section 2255 proceeding in the Arizona District Court. Because it is apparent from the face of the petition that the petitioner is not entitled to relief in this district court, the undersigned has not required the respondent to answer the petition.

## ANALYSIS

All of the petitioner's claims challenge the validity of his convictions and sentence, and not the manner in which his sentence is being executed. Motions under 28 U.S.C. § 2255 are the primary remedy for testing the validity of federal judgments and must be filed in the court of conviction, which, in this case, is the United States District Court for the District of Arizona. While, normally, a section 2255 motion filed in a court other than the sentencing court should be transferred to the sentencing court, because the petitioner already unsuccessfully filed a section 2255 motion in the District of Arizona and, apparently, has not received authorization from the United States Court of Appeals for the Ninth Circuit to file a second or successive section 2255 motion, to the extent that the instant petition may be construed as a section 2255 motion, it would be futile to transfer it to the District of Arizona because it would be procedurally barred.

A petition filed under 28 U.S.C. § 2241 is generally used to address matters concerning the execution of a federal sentence, and is not an additional, alternative or

supplemental remedy to that provided in section 2255, unless the petitioner can show that the remedy under section 2255 is inadequate or ineffective to test the legality of the petitioner's detention.  *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) ("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241.").  *In re Jones* relies upon the statutory language presently found in 28 U.S.C. § 2255(e), which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

This section is known as the "savings clause."  The fact that relief under section 2255 is procedurally barred does not render such remedy inadequate or ineffective to test the legality of the petitioner's detention.  *Id.* at 332.

Thus, before considering the petitioner's section 2241 petition on its merits, the court must first determine whether the remedy under section 2255 is inadequate or ineffective to test the legality of the petitioner's detention in order that he may pursue such relief under section 2241.  The United States Court of Appeals for the Fourth Circuit has established that the remedy under section 2255 is inadequate or ineffective when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the petitioner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d at 333-334.[1]

---

[1] On March 28, 2018, a three-judge panel of the Fourth Circuit issued an opinion in *United States v. Wheeler*, No. 16-6073, 2018 WL 1514418 (Mar. 28, 2018), which extended the application of the savings clause to sentencing challenges and revised the *Jones* test with respect to such challenges.  The parties in

The petitioner, however, cannot meet the *Jones* requirements because he is not asserting that there has been an intervening change in substantive law that has established his actual innocence of his underlying conviction; rather, he merely asserts claims of ineffective assistance of counsel similar to those made in his section 2255 motion, which are now procedurally barred. As noted above, the savings clause contained in section 2255(e) cannot be used to circumvent the stringent gatekeeping requirements and procedural bars of section 2255 and will not permit review of the petitioner's claims by this court under section 2241.

The undersigned proposes that the presiding District Judge **FIND** that the petitioner has failed to demonstrate that section 2255 is inadequate or ineffective to test the legality of his detention and, thus, his claims are not proper for consideration under 28 U.S.C. § 2241. The petitioner's claims should be addressed, if at all, in a section 2255 motion filed in the court of conviction. However, the petitioner has already pursued relief under section 2255 in the court where he was convicted and, at present, he has not received authorization from the Ninth Circuit to file a second or successive section 2255 motion. Therefore, the undersigned further proposes that the presiding District Judge **FIND** that this court lacks jurisdiction to review the petitioner's claims contained in his section 2241 petition.

For these reasons, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF Nos. 1) and **DISMISS** this civil action from the docket of the court.

---

*Wheeler* have until May 14, 2018 to file a petition for rehearing en banc. *Wheeler* has no direct implication in the instant matter, and the panel opinion therein specified that "there is no doubt that *Jones* is still good law in this circuit." *Id.* at *8. Accordingly, the undersigned relies on *Jones* herein.

The parties are notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the parties shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). A copy of such objections shall be served on the opposing party and Senior District Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the petitioner who is now incarcerated at FCI Beaumont Low in Beaumont, Texas.

April 17, 2018

Dwane L. Tinsley
United States Magistrate Judge

6